Upon review of all the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, to receive further evidence, or to rehear the parties or their representatives, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner with minor modifications as follows:
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as
 STIPULATIONS
1. The employer-defendant regularly employed three or more employees and is bound by the North Carolina Workers' Compensation Act.
2. An employer/employee relationship existed between the employer and employee on December 3, 1992.
3. On December 3, 1992, the plaintiff suffered a compensable back strain, left leg and right shoulder injury which is reflected by a fully signed I.C. Form 21 Agreement.
4. The I.C. Form 21 Agreement provided compensation as a medicals only claim for the plaintiff's compensable injury.
5. The issues to be determined are:
 A. To what benefits is the plaintiff entitled as a result of his compensable injury on December 3, 1992?
 B. Whether the plaintiff is entitled to payment of attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1?
 ***********
Based upon the competent evidence of record herein, the Full Commission adopts the findings of fact of the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. On December 3, 1992, plaintiff sustained a compensable back strain, a left leg injury, and a right shoulder injury.
2. Plaintiff has reached maximum medical improvement with regard to the compensable injuries that he sustained on December 3, 1992.
3. As a result of the December 3, 1992 compensable injury by accident, plaintiff has sustained a two percent permanent partial disability to his back. Dr. Brenner's permanent partial disability rating is accepted as competent and credible. Plaintiff has not suffered any wage loss.
4. In a letter dated May 8, 1995, Dr. Joe T. Minchew of the Orthopaedic Clinic of the University of North Carolina Hospitals in Chapel Hill informed counsel for the plaintiff that he was unable to comment as to whether plaintiff's current problems with his back were a direct result of his prior compensable injuries.
5. Plaintiff's chronic low back pain treated by Dr. Sunil Dogra, an anesthesiologist and pain doctor on the faculty of the University of North Carolina, is a result of a combination of factors. These factors are as follows: degenerative arthritis at the L4-5 and L5-S1 facet joints, a cyst in his right kidney, and a sacral iliac joint dysfunction on his right side.
6. The December 3, 1992 compensable injury by accident aggravated plaintiff's degenerative arthritis in his L4-5 and L5-S1 facet joints.
7. It is likely that the plaintiff's back pain treated by Dr. Dogra originated with the December 3, 1992 compensable injury by accident.
8. Pharmacological treatment and periodic injections to decrease inflammation or to block the nerves that go into plaintiff's L4-L5 facet joints are reasonably necessary to help relieve plaintiff's pain resulting from the December 3, 1992 compensable injury by accident. The pharmacological treatment should be provided by a local general physician in Fayetteville, North Carolina.
9. Plaintiff's compensable right shoulder injury had resolved prior to undergoing treatment with Dr. Dogra for his back pain.
10. Plaintiff had reasonable grounds to prosecute and defendants had reasonable grounds to defend this claim.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. As a result of his compensable injury by accident, plaintiff has sustained a two percent (2%) permanent partial disability to his back and is entitled to receive compensation in the amount of $373.35 for six weeks for the permanent partial disability to his lower back N.C. Gen. Stat. § 97-31(23).
2. Plaintiff is entitled to have the defendants pay for medical treatment that is reasonably necessary to relieve pain in his lower back. Plaintiff is entitled to receive ongoing medical treatment for pain resulting from the aggravation of his pre-existing degenerative arthritis in his L4-5 and L5-S1 facet joints. N.C. Gen. Stat. § 97-25.
3. Neither party is entitled to an attorney's fee pursuant to N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 A W A R D
1. Defendants shall pay to the plaintiff permanent partial disability compensation in the amount of $373.35 for six weeks for the injury to his lower back subject to the attorney's fee approved below.
2. Defendants shall pay for medical treatment by a local physician who can direct the pharmacological treatment for the plaintiff. Plaintiff shall continue to receive periodic injections for his lower back from Dr. Sunil Dogra at the defendants' expense.
3. A reasonable attorney's fee in the amount of twenty-five percent of the compensation due plaintiff under paragraph 1 of this Award is approved for plaintiff's counsel and shall be paid as follows: twenty-five percent of the lump sum due plaintiff shall be deducted from that sum and paid directly to plaintiff's counsel.
4. Defendants shall pay expert witness fees in the amount of $250.00 to Dr. Sunil Dogra and $275.00 to Dr. Mark Earl Brenner.
5. Defendants shall pay the costs.
 S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _____________________ THOMAS J. BOLCH COMMISSIONER
S/ _____________________ CHRISTOPHER SCOTT COMMISSIONER